**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TONY M. GRAHAM, on behalf of himself and all others similarly situated; ELIZABETH P. BROCKWELL, on behalf of herself and all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> VCA ANIMAL HOSPITALS, INC.; VCA, INC., <br><br> Defendants-Appellees. | No. 16-56510 <br><br> D.C. No. 2:14-cv-08614-CAS-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before: W. FLETCHER and OWENS, Circuit Judges, and MOSKOWITZ,[**] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barry Ted Moskowitz, Chief United States District Judge for the Southern District of California, sitting by designation.

Tony Graham and Elizabeth Brockwell appeal from an order granting VCA Animal Hospitals, Inc.'s ("VCA") motion for summary judgment on appellants' claims challenging VCA's biohazard waste management charge ("biohazard charge") under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and Oklahoma's Consumer Protection Act ("OCPA"), 15 Okla. Stat. §§ 751 et seq. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Brockwell lacks statutory standing to bring claims under the UCL's fraudulent prong and to bring misrepresentation-based claims under the UCL's unfair prong. A plaintiff may challenge a business practice under the UCL only if she "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Where the plaintiff "proceed[s] on a claim of misrepresentation as the basis of his or her UCL action," she "must demonstrate actual reliance on the allegedly deceptive or misleading statements." *In re Tobacco II Cases*, 207 P.3d 20, 25–26 (Cal. 2009). Brockwell repeatedly and unambiguously stated that she did not notice the biohazard charge before she paid her bill. None of the ambiguous statements noted in Brockwell's brief indicate that she noticed the charge prior to payment. She therefore could not have relied on any of the alleged misrepresentations in deciding to pay her bill, *see*

*Moran v. Prime Healthcare Mgmt., Inc.*, 3 Cal. App. 5th 1131, 1144 (2016), and she cannot show that she was injured on account of VCA's failure to disclose additional information, *see Mirkin v. Wasserman*, 858 P.2d 568, 574 (Cal. 1993); *Gawara v. U.S. Brass Corp.*, 63 Cal. App. 4th 1341, 1356-58 (1998).

The district court properly granted summary judgment on Graham's fraudulent-prong claims.[1] To succeed on a fraudulent-prong UCL claim, plaintiffs must show that "members of the public are likely to be deceived." *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 332 (1998). VCA's inclusion of a "Biohazard Waste Management" charge on their invoices in a section listing services rendered, separate from the section listing government taxes, would not mislead a reasonable consumer. Nothing in the plain meaning of "Biohazard Waste Management" or in the location of the charge on the invoice indicates that the charge is required or government-mandated. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304-05 (2011). VCA did not mislead customers whose pets produced no hazardous waste because all customers benefitted from the sanitation and regulatory compliance aspects of VCA's biohazard waste management. The

---

[1] Though the district court may have imposed an inappropriately high evidentiary burden, *see Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003) (disapproving *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1407 (E.D. Cal. 1997)), summary judgment was still proper under the other authorities cited in the district court order.

receptionist's statement that the fee was required is highly analogous to the statement in *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1242-43 (2007), and therefore not misleading. Finally, VCA's failure to disclose that it waived the fee for some customers is not misleading under California case law. *See Buller v. Sutter Health*, 160 Cal. App. 4th 981, 988 (2008).

Summary judgment was also proper on appellants' unfair-prong claims. Under the "balancing" approach to the UCL's "unfair" prong, the court must consider whether the challenged practice "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).[2] That VCA's waste *management* expenses exceeded its waste *disposal* costs is not unfair. *See* The biohazard charge was not unfair even if VCA profited from charging the fee. A customer has "no legitimate interest" in what a business does with its money, *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1334-35 (2002), and where

---

[2] The California Courts of Appeal are split on the proper test for determining whether a practice is "unfair" under the UCL. *Drum*, 182 Cal. App. 4th at 256. We need not choose among the tests to resolve this appeal. Appellants' claims do not survive summary judgment under the balancing test, and appellants have waived any argument that a different test applies or that their allegations satisfy the terms of a different test.

4

defendants are "engaged in business for a profit," "[t]heir failure to disclose their own costs or profit margins is not, on its face, unfair," *McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1395 (2005). Finally, VCA was permitted to charge all customers a biohazard management fee, since all customers benefitted from VCA's biohazard management efforts. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2007) ("[W]e are unaware of any statutory or case law that requires a for-profit business to point to a statute or contract that allows it to charge a fee for a service. The burden is on the plaintiffs to show why [the defendant] was *not* permitted to do so.").

Because VCA is entitled to summary judgment on Graham's UCL claims, we need not decide whether applicable choice-of-law principles permit Graham to raise claims under the UCL.

Summary judgment was also proper on Graham's OCPA claims. To prevail under the OCPA, the plaintiff must show that "the defendant engaged in an unlawful practice as defined at [15 Okla. Stat. § 753]." *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000). Graham does not cite a single Oklahoma case suggesting that VCA's biohazard fee constitutes a "deceptive trade practice" or is otherwise unlawful under the OCPA. Summary judgment was proper on his OCPA claims for the same reasons that summary judgment was proper on his UCL claims.

5

Finally, the district court did not err in granting summary judgment on appellants' common law fraud and negligent misrepresentation claims. A plaintiff cannot succeed on either of these claims unless he or she shows that the defendant has made a misrepresentation. *Thrifty Payless, Inc. v. Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013) (quoting *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996)); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). As explained above, appellants' representations were not false or misleading under California law.

**AFFIRMED.**